**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FREDERICK DOMINIQUE REED**                                    **CIVIL ACTION**

**VERSUS**                                                                          **NO. 11-930**

**JAMES A. GRAY, II, ESQ.**                                          **SECTION "R"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Frederick Dominique Reed, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983.  In this lawsuit, he asserts a breach of contract claim against his former attorney, James A. Gray, II.  In the complaint, plaintiff alleges:

> On the date 2-9-10, Mr. James Gray, II, Esq., entered into an oral contractual agreement with the Plaintiff's father to go and visit Plaintiff and learn the additional requirements to be carried out pertinent to the agreement.  Mr. James Gray was then paid a sum of $18,750.00 to seal the agreement.  Subsequently, the Defendant failed to honor his part of the agreement by honoring Plaintiff's and his father's requests. The defendant made no attempt to refund the money he did not earn.[1]

As relief, plaintiff seeks monetary damages.

### I.  Standards of Review

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –

---

[1]    Rec. Doc. 3, p. 3.

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary damages against a defendant who is immune
from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

2

Although broadly construing plaintiff's complaint,[2] the undersigned finds that plaintiff's federal civil rights complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

## II.  Plaintiff's Claim

Plaintiff filed this lawsuit as a federal civil rights action brought pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Plaintiff's § 1983 claim against the Gray fails for the following reasons.

First, Gray was a private attorney retained by plaintiff to represent him a state criminal proceeding.  A private attorney is not a "state actor" and, therefore, cannot be held liable under § 1983.  See, e.g., Leal-Rodriguez v. Key, 289 Fed. App'x 796 (5th Cir. 2008); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988).[3]

---

[2]    The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3]    The Court recognizes that claims against such attorneys for engaging in a conspiracy with state actors are cognizable in a § 1983 action.  See, e.g., Mills, 837 F.2d at 679.  Plaintiff, however, has not asserted a conspiracy claim.

Second, in any event, plaintiff is asserting a claim for breach of contract.[4]  However, as the United States Fifth Circuit Court of Appeals has explained:

> A mere breach of contract will not suffice for an action under § 1983 without a violation of due process rights.  While a plaintiff may have an action in state court for damages for breach of contract, he may not sue under § 1983 unless his constitutional rights have in some way been denied or his exercise of those rights penalized in some way.

Whiting v. University of Southern Mississippi, 451 F.3d 339, 345 (5th Cir. 2006) (citation omitted); see also Braden v. Texas A & M University System, 636 F.2d 90, 93 (5th Cir. 1981).  Plaintiff has alleged no such constitutional violation in this case.

Accordingly, it is recommended that plaintiff's federal civil rights claim be dismissed with prejudice; however, it is further recommended that the dismissal not prejudice plaintiff's right to seek relief in state court.[5]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may

---

[4]   Rec. Doc. 3, p. 4.

[5]   Plaintiff does not indicate in his complaint that he is attempting to assert a state law claim in this proceeding.  However, even if the complaint were construed as asserting such a claim or if plaintiff were to move to amend his complaint to assert a state law claim, it is appropriate for the Court to decline to exercise supplemental jurisdiction over any such claim.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), but **WITHOUT PREJUDICE** to his right to assert state law claims in an appropriate state court forum.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this twenty-fifth day of April, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]     Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.